FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2013 JAN -4 PM 2:30
CLERK L. moore
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR412-141
)
DIAMOND CASINO CRUISE, LLC; )
GREGORY L. SICILIA; JEFFREY )
M. THOMPSON; and JOHN H. )
STERNBERG; )
)
Defendants. )
)

## O R D E R

Before the Court is the Government's Motion in Limine, which seeks to preclude Defendants from raising at trial the defenses of good faith, advice of counsel, and public authority. (Doc. 89.) For the following reasons, the Government's motion is **GRANTED**. As a result, Defendants will not be permitted to argue these defenses at trial.

### BACKGROUND

On October 10, 2012, Defendants were named in a one-count superseding[1] indictment alleging the operation of an unlawful gambling business in violation of 18 U.S.C. § 1955. (Doc. 68 at 3.) According to the Government, Defendants illegally conducted gambling operations on board

---

[1] The original indictment in this case was returned on July 11, 2012. (Doc. 3.) The only material difference between the two is that the superseding indictment removed Marine Charters, LLC as a defendant and did not allege that the gambling operations violated South Carolina law.

a casino cruise ship by failing to prohibit gambling on the vessel prior to traveling the requisite distance from the shore and exiting the territorial waters of Georgia. (<u>Id.</u>) Defendant Diamond Casino Cruise, LLC was responsible for the operation of the vessel, of which Defendant Sicilia was the general manager. (<u>Id.</u> at 1-2.) Defendants Thompson and Sternberg are licensed captains who were responsible for the marine operations of the vessel. (<u>Id.</u> at 2.)

In its motion, the Government contends that Defendants should not be permitted to argue at trial that they were acting in good faith when conducting the alleged illegal gambling operation, relying on the advice of counsel, or relying on public authority. (Doc. 89 at 1.) The Government reasons that the defense of good faith is unavailable because 18 U.S.C. § 1955 is a general intent crime and does not require that Defendants know their actions violated the law. (<u>Id.</u> at 3-5.) Similarly, the Government argues that the defense of relying on the advice of counsel is only appropriate where the alleged criminal violation contains an element of willfulness. (<u>Id.</u> at 5-6.) Also, the Government contends that Defendants have not properly filed notice, in accordance with Federal Rule of Criminal Procedure 12.3, of their intent to assert the defense of reliance on public authority. (<u>Id.</u> at 6.)

Finally, the Government appears to reason that the facts of this case will not support a public authority defense. (Id. at 6-7.)

In response, Defendants contend that the defenses of good faith and advice of counsel are applicable to this case because the Government must still establish that Defendants violated the predicate state statute, which requires the intentional violation of state law. (Doc. 101 at 5-10.) In addition, Defendants maintain that their review of discovery has not yet indicated whether the facts support a public authority defense, which requires notice pursuant to Rule 12.3, or a simple innocent intent defense, which does not require notice. (Id. at 10-12.) Defendants conclude, therefore, that any ruling on this issue would be premature. (Id. at 12.)

## ANALYSIS

I. GOOD FAITH

The Government contends that the good faith defense is unavailable at trial because 18 U.S.C. § 1955 is a general intent statute, which does not require Defendants to have intentionally violated the law. (Doc. 89 at 3-5.) In response, Defendants argue that the Government must establish that Defendants violated Georgia State law, which requires proof that Defendants intentionally violated the

state statute. (Doc. 101 at 5-10.) According to Defendants, they should be permitted to argue that they acted in good faith because the federal statute requires the Government to prove a violation of O.C.G.A. § 16-12-22, which is a specific intent crime.[2] (Id.)

---

[2] Under O.C.G.A. § 16-12-22,

> A person commits the offense of commercial gambling when he intentionally does any of the following acts:
>
> (1) Operates or participates in the earnings of a gambling place;
>
> (2) Receives, records, or forwards a bet or offer to bet;
>
> (3) For gain, becomes a custodian of anything of value bet or offered to be bet;
>
> (4) Contracts to have or give himself or another the option to buy or sell or contracts to buy or sell at a future time any gain or other commodity whatsoever or any stock or security of any company, when it is at the time of making such contract intended by both parties thereto that the contract to buy or sell, the option whenever exercised or the contract resulting therefrom, shall be settled not by the receipt or delivery of such property but by the payment only of differences in prices thereof;
>
> (5) Sells chances upon the partial or final result of or upon the margin of victory in any game or contest or upon the performance of any participant in any game or contest or upon the result of any political nomination, appointment, or election or upon the degree of success of any nominee, appointee, or candidate;

Under federal law, it is a crime to conduct, finance, manage, supervise, direct, or own all or part of an illegal gambling business. 18 U.S.C. § 1955(a). The statute defines an illegal gambling business as any gambling business that

> (i) is a violation of the law of a State or political subdivision in which it is conducted;
>
> (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
>
> (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

Id. § 1955(b)(1). On its face, § 1955 appears to be a simple general intent statute, requiring only that the government prove that a defendant's actions violated the applicable state law, involved at least five individuals, and either operated for more than thirty days or had gross revenue of at least $2,000 in any single day. Id. This might be why the Federal Courts of Appeals have

---

> (6) Sets up or promotes any lottery, sells or offers to sell, or knowingly possesses for transfer or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery; or
>
> (7) Conducts, advertises, operates, sets up, or promotes a bingo game without having a valid license to operate a bingo game as provided by law.

5

overwhelmingly interpreted § 1955 to not require the Government to prove any intent to violate state law. See, e.g., United States v. Lawson, 677 F.3d 629, 652-63 (4th Cir. 2012) ("Section 1955 is a general intent crime, which does not require the government to establish that the defendants knew that their conduct violated state law."); United States v. Ables, 167 F.3d 1021, 1031 (6th Cir. 1999) (affirming district court's refusal to instruct jury that defendant could not be convicted if he held a good faith belief that his actions were proper); United States v. Cyprian, 23 F.3d 1189, 1199 (7th Cir. 1994) (holding that a conviction under § 1955 does not require a defendant to know his actions were illegal, but only proof that he performed the illegal acts in question).

In the Eleventh Circuit Court of Appeals, this issue has been settled for the entirety of its existence. Indeed, the former Fifth Circuit[3] has held that "intent to violate state law is not a necessary element of a § 1955 crime." United States v. Hawes, 529 F.2d 472, 481 (5th Cir. 1976). In Hawes, the Fifth Circuit noted that the incorporation of state law into the federal statute is to

---

[3] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

provide a description of those gambling businesses that are prohibited by federal law. Id. The purpose of the reference was not to import from state law to federal law a specific intent requirement that Congress left absent from the federal statute. The former Fifth Circuit was clear that "[t]he acts which must be intended under [§ 1955] include conducting, financing, managing, supervising and owning an illegal gambling business." Id.; see United States v. Thaggard, 477 F.2d 626, 632 (5th Cir. 1973). Strikingly absent from this list is any intent to violate state law, regardless of whether the state statute requires such intention.

In their argument to the contrary, Defendants selectively quote various dicta from Hawes while turning a blind eye to that Court's holding. As noted above, the federal statute's reference to state law simply denotes what activities violate § 1955, regardless of whether those actions were performed intentionally. See Hawes, 529 F.2d at 481. Despite Defendants' best attempts to alter its holding, Hawes clearly stands for the proposition that a defendant need not know his actions violated state law for them to fall under the illegal acts proscribed by § 1955.

Additionally, Defendants' reliance on United States v. Bala, 489 F.3d 334 (8th Cir. 2007), and United States v.

Wall, 92 F.3d 1444 (6th Cir. 1996), is completely misplaced. Indeed, neither case even supports the argument Defendants hoist upon them. In Bala, the Eighth Circuit did not even address whether the defendants knew their actions violated state law. Rather, that court simply determined that the defendants' actions were not criminal violations of state law. Id. at 340-41 (holding defendants' actions did not violate any state criminal law because state regulations failed to outline how much gambling business was required to pay to charities). In other words, the defendants' actions in Bala could not support conviction under § 1955 because those actions, intentional or otherwise, did not violate state criminal law.

In Wall, the Sixth Circuit determined that the defendants' actions fell under the ambit of § 1955 because those actions were violations of state criminal law. 92 F.3d at 1453. The Sixth Circuit offered no discussion concerning any intent to violate state law, rendering it unhelpful to Defendants' argument. Indeed, Defendants are unlikely to find any refuge in the Sixth Circuit's jurisprudence. As noted above, the Sixth Circuit clearly holds that a defendant "cannot evade conviction under [§ 1955] by establishing that he unwittingly or unknowingly

conducted [] bingo games [] in violation of the law of Kentucky." Ables, 167 F.3d at 1031.

Based on both the volume of persuasive case law and binding precedent, this Court concludes that conviction under § 1955 does not require the Government to prove that Defendants intentionally violated Georgia criminal law, only that their actions fell within those prohibited by O.C.G.A. § 16-12-22. Because the Government need not prove any specific intent, any argument that Defendants acted in good faith is irrelevant to this case. Accordingly, this defense is inapplicable and may not be advanced at trial.

II. ADVICE OF COUNSEL

As previously discussed, § 1955 is a general, not specific, intent crime. Therefore, any argument that Defendants relied on the advice of counsel is inapplicable to this case because that defense only serves to negate proof of specific intent, which the Government is not required to establish when proving a violation of § 1955. See United States v. Eisenstein, 731 F.2d 1540, 1543 (11th Cir. 1984) ("A defendant charged with violating the reporting statute can attempt to negate proof of specific intent by establishing the defense of good faith reliance on advice of counsel." (citing United States v. Bush, 599 F.2d 72, 76-78 (5th Cir. 1979))). Accordingly, the defense

of reliance on the advice of counsel is inapplicable to this case and may not be advanced at trial.

III. PUBLIC AUTHORITY DEFENSE

The defense of public authority permits acquittal where a defendant can establish that he " 'reasonably relied on the authority of a government official to engage him in a covert activity.' " United States v. Grajales, 450 F. App'x 893, 900-01 (11th Cir. 2012) (quoting United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994)). This defense requires a defendant to show that he "relied on official government communications before acting in a manner proscribed by law." United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998); accord United States v. Merrill, 685 F.3d 1002, 1012 (11th Cir. 2012) (affirming district court's exclusion of public authority defense because defendant "never alleged that he knew about or relied on any government approval when he committed his crimes"). In addition, a defendant seeking to assert a public authority defense must provide notice to the Government of his intent to raise that defense at trial. Fed. R. Crim. P. 12.3.

In this case, Defendants appear to misunderstand the public authority defense. It is insufficient to allege that the government knew of the illegal activity, but

declined to intervene and enforce the law. Rather, Defendants must show that they relied on some communication from a public entity with the actual authority to permit the illegal activity. See Johnson, 139 F.3d at 1365-66. In this case, Defendants have not established that they received any communication from a public authority permitting them to conduct their gambling operations within Georgia territorial waters. Furthermore, Defendants base their argument on the United States Coast Guard's ("USCG") inaction to their illegal activities. However, there is no indication that the USCG even had the actual authority to permit the illegal gambling activities alleged in this case.[4] In any event, the Defendants have neither provided the appropriate notice to the Government nor established the applicability of a public authority defense. As a result, Defendants' are precluded from arguing a public authority defense at trial.

---

[4] Defendants' argument is more akin to an entrapment by estoppel defense, which occurs "when a government official incorrectly informs a defendant that certain conduct is legal, the defendant believes the government official and is then prosecuted for acting in conformity with the official's advice." Johnson, 139 F.3d at 1365. This defense, however, still appears to be unavailable to Defendants because it also requires an actual communication from a government official, not a simple failure to enforce the law.

To the extent Defendants seek to assert an innocent intent defense, that defense is also unavailable because, as previously discussed, § 1955 is a general intent crime. The Eleventh Circuit has recognized the innocent intent defense as "a generally legitimate defense strategy to negate the mens rea for a crime." United States v. Williams, 435 F. App'x 868, 870 (11th Cir. 2011). Because § 1955 does not require the Government to prove any specific intent to violate the law, the innocent intent defense is inapplicable to this case. In addition, an innocent intent defense still requires reliance on some communication from a governmental authority, see Merrill, 685 F.3d at 1012, which is not even alleged in Defendants' argument.[5] For both these reasons, Defendants may not raise an innocent intent defense at trial.

## CONCLUSION

For the foregoing reasons, the Government's Motion in Limine (Doc. 89) is **GRANTED**. As a result, Defendants will

---

[5] Defendants do point out that they have not completed their review of all the discovery provided by the Government. (Doc. 101 at 12.) Should Defendants find any evidence that would support these defenses, they may provide the proper notice to the Government and seek the Court's reconsideration of this order. The Court notes, however, that Defendants' general argument does not support the applicability of these defenses.

not be permitted to raise at trial the defenses of good faith, advice of counsel, and public authority.

SO ORDERED this 4th day of January 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA